OPINION OF THE COURT
Renee R. Roth, S.
*606 The novel question in this probate proceeding in the estate of Constance Deener is whether the disclosure requirements of Surrogate’s Court Procedure Act § 2307-a apply to proponent, an out-of-state attorney named as executrix under an instrument drafted by her for decedent, who was a New York domiciliary.
Testatrix, who died on September 21, 2008, survived by her brother, left an estate valued at approximately $500,000. Her will, prepared by proponent, who was then affiliated with a New Jersey law firm, was executed in that state on April 8, 2003. Under such will, in which the drafter’s law firm was named executor, decedent left 20% of her residuary estate equally to her brother and his wife and 80% to a trust for the life income benefit of her daughter-in-law, with remainder to a charity. On June 7, 2005, in New York, decedent executed a codicil, also prepared by proponent, which contained only one provision, naming proponent as fiduciary in place of the law firm.
Proponent has not filed any disclosure statement pursuant to the provisions of SCPA 2307-a. Accordingly, unless her status as an out-of-state practitioner exempts her from the statute’s requirements, her commissions as executor must be limited to one half the amount otherwise allowable (SCPA 2307-a [5]).
Section 2307-a is an outgrowth of a concern (Code of Professional Responsibility EC 5-6) that the execution of a will can be an occasion for overreaching by the attorney draftsman. The seminal example of such concern appears in the decision of the Court of Appeals in Matter of Weinstock (40 NY2d 1 [1976]). The draftsman in that case had named himself and his son as executors although neither of them had even met testator before he was referred to them for preparation of a will. Such circumstance indicated that the choice of fiduciaries was not knowingly made by the testator and was therefore invalid. The Weinstock Court (40 NY2d at 6) noted that, by apparently steering the fiduciary appointment toward himself, the draftsman had violated the ethical consideration of the Code of Professional Responsibility cited above specifically directing that, “[a] lawyer should not consciously influence a client to name him as executor . . . in an instrument.”
The legislative history of section 2307-a, enacted in 1995, reflects a determination on the part of the legislature to curb the possible abuses that can be part of the drafting of a will. The legislature thus mandated disclosure to the client concerning the choices available to him or her in the selection of an *607 executor (see Assembly Mem in Support of Assembly Bill A5491-A, Bill Jacket, L 1995, ch 421). Under the statute’s provisions, if a signed statement of the client acknowledging such disclosure is not filed in the probate proceeding, the attorney-fiduciary will be entitled to receive only half of the commissions that the statutory commission schedule otherwise allows (SCPA 2307).
As noted above, the absence of a disclosure statement in this case limits proponent to one-half commissions unless the fact that she is not admitted in New York relieves her of the requirement of such a statement. The opening language of the statute, however, indicates that she is not thus exempted. That is, subdivision (1) of section 2307-a directs that disclosure be made to the testator “[w]hen an attorney prepares a will to be proved in the courts of this state.” Such language apparently denotes any case in which the attorney has reason to anticipate that the instrument will be offered for probate in New York. Stated otherwise, such language appears to apply at a minimum when the client for whom the will is being prepared is domiciled in New York. It is noted that nothing in the legislative history suggests otherwise.
Based upon the foregoing, the probate decree has been signed limiting the commissions of the attorney-fiduciary to one half the amount that would otherwise be allowable under section 2307.