*180 OPINION OF THE COURT
Robert J. Gigante, S.
In this pending matter, petitioner, Michael Panagos, Esq., a New Jersey attorney named as executor in the decedent’s will, has petitioned this court to have decedent’s will admitted to probate and to have letters testamentary issue to him. However, he has not complied with the disclosure requirements for an attorney-executor found in SCPA 2307-a and 22 NYCRR 207.16 (e), which would preclude him from receiving a full commission. In lieu of compliance with these requirements, he has submitted an affidavit stating he is exempt from compliance because he is a New Jersey attorney, drafted a will for a then New Jersey resident, and there is no comparable New Jersey law to SCPA 2307-a.
Facts
The petitioner and David Restuccio, the decedent, knew each other for approximately 43 years and maintained a friendship with one another. The petitioner drafted a will for the decedent in February of 1998. At the time of the will execution, the decedent was “presently of Leonardo, New Jersey,” but the will was executed and notarized in Richmond County, New York, where the decedent was hospitalized. In May of 1998, just three months after the will was executed, the decedent moved to Staten Island, New York where he was domiciled at the time of his death in August of 2012, as a result of a motor vehicle collision.
The decedent was survived by one distributee, his son Matthew D. Restuccio, to whom he left his entire estate. The decedent named the petitioner, the drafting attorney, who is only licensed in the state of New Jersey, as the executor. The decedent’s estate consists of one parcel of real property worth approximately $425,000 and any proceeds that result from a potential lawsuit relating to the automobile accident. The sole distributee has consented to the executor receiving full commission, although the executor has not complied with SCPA 2307-a.
The petitioner seeks letters testamentary to complete the estate and to commence a lawsuit for decedent’s wrongful death. The petitioner hired separate counsel to handle the estate proceeding and that counsel has represented that the petitioner is not the attorney for the personal injury action to be initiated after letters testamentary are issued.
*181 Issue
The issue before the court is whether a post-1996 will prepared for a non-New York domiciliary by an non-New York attorney who is the named executor must meet the requirements of SCPA 2307-a in order for the attorney-executor to receive full executor’s commissions when, at the time of death, the decedent had become a domiciliary of New York. Although this specific fact pattern is one of apparent first impression, similar cases were considered and analyzed before the court made its determination.
SCPA 2307-a
SCPA 2307-a was legislated in part due to the seminal case of Matter of Weinstock (40 NY2d 1 [1976]), which highlighted the potential for attorneys’ improper behavior when it related to being nominated as executors. New York legislators recognized the need to protect clients from possible overreaching and, thus, SCPA 2307-a was enacted in 1995 and applies to wills executed after January 1, 1996. In essence, SCPA 2307-a states that when an attorney prepares a will to be proved in the courts of this state the testator shall be informed prior to execution of the will that: (1) subject to limited statutory exceptions, any person is eligible to serve as executor, (2) absent an agreement to the contrary, an executor is entitled to statutory commission, (3) without a disclosure agreement, the attorney who prepared the will and serves as executor shall be entitled to one half of the commission he or she would otherwise be entitled to. The disclosure must be in writing, in the presence of at least one witness, other than the executor, and the writing must be separate from the will, but can be attached to it. Additionally, it could be executed prior to, concurrently with, or after the will execution and must substantially conform with the model form set forth in SCPA 2307-a (3).
Discussion
There has been a plethora of decisions and commentary on the application of SCPA 2307-a with respect to various situations and issues. However, there is very little guidance on the application of this section with respect to out of state attorneys who are named executors for out of state clients who later become New York domiciliaries. Although the fact pattern of this case has much in common with Matter of Newell (NYLJ, June 6, 2002 at 27, col 4 [Sur Ct, Suffolk County 2002]), there *182 is a major difference that completely shifts the analysis used. The will in Newell was drafted in 1981, 14 years before SCPA 2307-a was enacted, whereas in the instant case, the will was drafted in 1998, three years after the enactment of the statute.
The facts of Newell are as follow: a Connecticut attorney drafted a will in 1981 for a then Connecticut resident. That resident eventually moved and was domiciled in New York at the time of his death. The drafting attorney, who was also named the alternate executor, had petitioned the court for letters testamentary (the named executor having predeceased). There was no compliance with SCPA 2307-a because there was no comparable statute in Connecticut law. It was however, the drafting attorney’s practice to discuss the costs associated with administering an estate including commissions and attorneys fees. The beneficiaries in Newell all consented to the granting of full commissions for the drafting attorney.
Although the fact pattern between Newell and the case at hand is similar, the distinction lies in the focal point of the analysis used to determine the outcome of whether or not full commission should be granted. Newell focused on SCPA 2307-a (9) (b) (ii), which gave the court discretion in waiving the required disclosure if good cause was shown for wills executed prior to January 1, 1996. Therefore, although the court in Newell found there was good cause shown and allowed full commission, that analysis can not be used in this situation because this will was drafted after January 1, 1996, and thus SCPA 2307-a (9) (b) (ii) is not applicable.
To determine the outcome of whether or not full commission should be granted, this court will focus on SCPA 2307-a (1), “Disclosure. When an attorney prepares a will to be proved in the courts of this state.” First, there is no distinction made whether the “attorney” must be an attorney licensed in New York or an attorney licensed elsewhere. Second, based on a plain reading of that sentence, the important factor is whether at the time of execution, an attorney can foresee where his client will be domiciled at the time of death. It seems practically impossible for an attorney to draft a testamentary document, foresee where his client will be domiciled at the time of death, and comply with applicable laws of that state or even country. Indeed, the court is well aware of the legal maxim “casus fortuitus non est sperandus, et nemo tenetur divinare.” A chance event is not to be expected, and no one is bound to foresee it. Therefore, it is only logical to conclude that if an non-New York *183 attorney drafts a will for a non-New York domiciliary and has no knowledge of the intent of the client to change his domicile, the attorney can not be expected to comply with a New York based statute, nor a statute of any other state or country to which the client might possibly move.
It is also important to note that this analysis is also in line with Matter of Deener (22 Misc 3d 605 [2008]), although a different outcome was reached. In Deener, a will was drafted for a New York domiciliary by an out of state attorney who was the named executor. Surrogate Roth found that at a minimum, the language of SCPA 2307-a (1) applied to clients who are domiciled in New York at the time of the will preparation.
22 NYCRR 207.16 (e)
A reading of 22 NYCRR 207.16 (e) clearly indicates that the petitioner did not have to comply with its requirement because he is not an attorney admitted in this state.
Conclusion
The court finds that the instrument offered for probate was duly executed and at the time of execution, the decedent was competent in all respects to make a will and was not under any restraint. The genuineness of the will and the validity of its execution having been shown to the satisfaction of the court, and there being no objection, the offered instrument is admitted to probate (SCPA 1408; EPTL 3-2.1). Letters testamentary shall issue to Michael Panagos, Esq., the named executor under the will upon his duly qualifying according to law. Furthermore, after review of all the papers heretofore submitted and based on the reasoning above, and with the consent of the sole distributee, the court grants full commission to the executor, Michael Panagos, Esq.
Finally, this court calls upon the legislature to clarify the dilemma that arises when an out of state attorney drafts a testamentary document for a non-New York domiciliary who later migrates and is domiciled in New York at the time of death. A simple amendment to the statute codifying the intent of the legislature will remove any doubt as to the requirement of compliance by out of state attorneys.